UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARL JOHNSON, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:21-CV-1501 SRW |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Commissioner Kilolo Kijakazi's Motion to Reverse and Remand this case for further administrative action pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). ECF No. 19. The Court has jurisdiction over the subject matter of this action under § 405(g). The parties have consented to the exercise of authority by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Plaintiff filed a response stating he has no objection to the Commissioner's motion. ECF No. 20.

On December 24, 2021, Plaintiff filed a Complaint seeking review of the Commissioner's decision that Plaintiff was not under a disability within the meaning of the Social Security Act. ECF No. 1. The Commissioner filed the transcript of the administrative proceedings on March 30, 2022. ECF No. 9. Plaintiff filed a brief in support of the complaint on July 11, 2022. ECF No. 16. Plaintiff argues the ALJ erred by failing to properly evaluate his residual functional capacity prior to August 19, 2020, and by failing to fully and fairly develop the record. *Id.*

1

On July 29, 2022, the Commissioner filed the instant Motion to Reverse and Remand this case for further action under sentence four of section 205(g) of the Social Security Act, which permits the Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner represents that upon review of the record, agency counsel determined remand was necessary for further evaluation of Plaintiff's claim. ECF No. 19. The Commissioner asserts that on remand,

> [T]he Appeals Council will instruct the ALJ to re-evaluate the residual functional capacity and, if warranted, obtain supplemental vocational expert evidence to evaluate whether the claimant can perform other work in the national economy.

*Id.* at 1.

Upon review of Plaintiff's brief in support of his complaint, the ALJ's decision, and the Commissioner's motion, the Court agrees with the Commissioner that this case should be reversed and remanded pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for further evaluation of Plaintiff's claims.

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's Motion to Reverse and Remand [ECF No. 19] is **GRANTED**.

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **REVERSED**.

**IT IS FURTHER ORDERED** that pursuant to sentence four of 42 U.S.C. § 405(g), this case is **REMANDED** to the Commissioner for further consideration.

So Ordered this 8th day of August, 2022.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE