UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARL E. JOHNSON,              )<br>                                              )<br>     Plaintiff,                      )<br>                                              )<br>v.                                         )<br>                                              )<br>KILOLO KIJAKAZI,            )<br>Acting Commissioner of Social Security   )<br>Administration,                 )<br>                                              )<br>     Defendant.                 ) | Case No. 4:21-CV-1501 SRW |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Carl E. Johnson's Petition to Award Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and Motion for Bill of Costs. ECF Nos. 23, 24. On August 8, 2022, this Court reversed the Commissioner's decision and remanded Plaintiff's case for further proceedings. ECF Nos. 21, 22. Plaintiff now seeks attorney's fees in the amount of $4,561.25. This amount is based on 20.5 hours of attorney work at $222.50 per hour. Plaintiff requests compensation at the statutory hourly rate of $125.00 plus a cost-of-living adjustment, pursuant to 28 U.S.C. § 2412(d). Plaintiff also seeks reimbursement for the $402.00 filing fee.

The Commissioner filed a response which stated she had no objection to Plaintiff's request for attorney's fees under the EAJA in the amount of $4,651.25 to be paid by the Social Security Administration. ECF No. 25. The Commissioner further agreed Plaintiff should be compensated for the filing fee of $402.00 from the Judgment Fund administered by the United States Treasury. *Id.* On September 19, 2022, the Court issued an Order noting the Commissioner's response agreed to a fee amount higher than Plaintiff requested, and directed the

Commissioner "to file a statement as to whether the higher amount was a typographical error, or whether the Commissioner [did], in fact, consent to the increased fee amount[.]" ECF No. 26. On September 21, 2022, the Commissioner confirmed the response contained a typographical error, and clarified the Social Security Administration has "no objection to Plaintiff's request for attorney fees under the EAJA in the amount of $4,561.25." ECF No. 27.

The Court has reviewed Plaintiff's Petition for Attorney's Fees pursuant to the EAJA, and concludes the statutory requirements are met. By Order and Judgment of Remand dated August 8, 2022, the Court remanded this case to defendant Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). A claimant seeking judicial review of a final decision denying Social Security disability benefits may recover attorney's fees if he or she receives a "sentence four" remand. *See Shalala v. Schaefer*, 509 U.S. 292, 295-96 (1993).

Attorney's fees may not be awarded in excess of $125.00 per hour – the maximum statutory rate under § 2412(d)(2)(A) – unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). The hourly rate should be increased, however, where there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125] per hour," such as the Consumer Price Index. *Johnson v. Sullivan*, 919 F.2d 503, 504-505 (8th Cir. 1990). In this case, Plaintiff has presented uncontested evidence of an increase in the cost of living. ECF No. 23 at 2-3. The Court agrees with Plaintiff that a cost-of-living increase is appropriate as requested.

As Plaintiff prevailed and is not otherwise precluded from receiving attorney's fees, the Court finds he is entitled to attorney's fees in the amount of $4,561.25. The Court will make the fee payable to Plaintiff as the litigant. *See Astrite v. Ratliff*, 560 U.S. 586, 593 (2010) (holding EAJA fees are payable to the prevailing party and may be subject to offset to satisfy any pre-existing debt owed to the United States); *see also Johnson v. Colvin*, No. 4:11-CV-1599 AGF, 2013 WL 5567711, at *1 (E.D. Mo. Oct. 9, 2013) ("The Court understands *Ratliff* to require that the EAJA award be made directly to Plaintiff."); *Madison v. Astrue*, No. 4:11-CV-238-TIA, 2012 WL 2919135, at *1 (E.D. Mo. July 17, 2012) (providing award of attorney's fees directly to the plaintiff despite the execution of an assignment agreement) (citing *Sumpter v. Astrue*, No. 2:10-CV-35-AGF, 2012 WL 88088, at *1 (E.D. Mo. Jan. 11, 2012)).

Plaintiff also seeks reimbursement of the filing fee in the amount of $402.00. A judgment for costs, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency thereof in any court having jurisdiction of such action. 28 U.S.C. § 2412(a)(1). "A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation." *Id.* Based on the foregoing, the Court will award Plaintiff costs in the amount of $402.00 for reimbursement of the filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Carl E. Johnson's Petition to Award Attorney's Fees pursuant to the Equal Access to Justice Act [ECF No. 23] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Commissioner of Social Security Administration shall pay attorney's fees under the Equal Access Justice Act in the amount of Four Thousand Five Hundred Sixty-One Dollars and Twenty-Five Cents ($4,561.25).

**IT IS FURTHER ORDERED** that the award of attorney's fees shall be made payable to Plaintiff Carl E. Johnson, subject to any pre-existing debt that the Plaintiff owes the United States, and the check should be mailed to Plaintiff's counsel at Traci L. Severs, LLC, P.O. Box 621, Manchester, Missouri 63021.

**IT IS FURTHER ORDERED** that Plaintiff Carl E. Johnson's Motion for Bill of Costs [ECF No. 24] is **GRANTED,** and costs in the amount of $402.00 shall be remitted to Plaintiff to be paid from the Judgment Fund administered by the United States Treasury.

So Ordered this 28th day of September, 2022.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE